IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Criminal No. 3:18-CR-0260-L |
| | § | |
| DAVID AGUILAR REYES | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER FOR COMPETENCY EXAMINATION**

Before the court is Defendant Reyes's Motion for Psychiatric and/or Psychological Examination filed under 18 U.S.C. § 4241 on December 20, 2018 ("Motion," Doc. 32). Also before the court is Reyes's sealed Application for Approval of Expert Services filed under 18 U.S.C. § 3006A(e)(1) on March 7, 2019 ("Application," Doc. 41). These two filings reflect efforts by Reyes, who is on pretrial release, to obtain a competency examination without being committed to the custody of the Attorney General. After a telephone conference held on the record, the court determines that the § 4241 Motion should be granted and the Application for CJA funds should be denied without prejudice.

**I.    Background**

A grand jury indicted Reyes for theft of a firearm from a sporting goods store. (Doc. 1.) Reyes was placed on pretrial release supervision, subject to the conditions that he get medical or psychiatric treatment, participate (with certain exceptions) in a home detention program, and submit to testing for a prohibited substance, among others. (Doc. 12.) Shortly thereafter, the Government moved for detention based on allegations that Reyes had violated the home detention requirements and tested positive for marijuana. (Doc. 17, 19.) Magistrate Judge Rebecca Rutherford denied the motion after a hearing but added a condition that Reyes must not use or

unlawfully possess a narcotic drug or controlled substance unless prescribed by a licensed medical practitioner. (Doc. 21.)

On December 3, 2018, the Government moved to revoke pretrial release probation based on allegations that Reyes had violated the home detention requirements and admitted using, or tested positive for, marijuana. (Doc. 27.) After a hearing, the magistrate judge denied the motion to revoke but added as a condition of pretrial release that Reyes submit to a full mental health assessment, including a competency assessment. (Doc. 31.)

On the same day, Reyes filed the Motion presently under consideration seeking an evaluation of his mental competency. At a hearing held on January 10, 2019, counsel represented that Reyes has a mental health history and multiple diagnoses, was currently in psychiatric treatment, and was taking multiple medications, including a prescribed narcotic. The court entered an order deferring any action on the Motion while Defendant attempted to use private insurance benefits to obtain the required mental health assessment. (Doc. 36.) On March 7, 2019, Reyes filed the sealed Application for CJA funds to retain a mental health expert, stating that the insurance company had denied coverage. ∗ (Doc. 41.)

The court held a telephone conference with counsel on April 9, 2019. The court advised the parties of its intended ruling and gave counsel an opportunity to respond. The court allowed the parties time to confer regarding the choice and cost of a suitable expert. The parties notified the court's coordinator on April 16, 2019, that they had agreed that Dr. Emily Fallis would be a suitable expert and could evaluate Reyes and produce the required report for $1,500.

---

∗ This order need not be sealed because it does not reveal any confidential details contained in the sealed Application.

## II. Motion for Competency Examination

Hearings to determine competency are held on the motion of a party or *sua sponte* by the court when there is "reasonable cause to believe the defendant may presently be suffering from a mental disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241; *United States v. Porter*, 907 F.3d 374, 380 (5th Cir. 2018). The parties do not dispute the need for a mental competency determination in this case.

Subsection 4241(b) permits the court to order a psychiatric or psychological competency examination "pursuant to the provisions of section 4247(b) and (c)." The provisions in § 4247(b) state that the court "may" commit the person to be examined to the custody of the Attorney General for placement in a suitable facility. The period of commitment may not exceed thirty days, with one fifteen-day extension upon a showing of good cause. And, unless impracticable, the examination "shall" be conducted in the suitable facility closest to the court. *See* § 4247(b).

It was the Government's initial position that all competency examinations must take place while in the custody of the Attorney General, in a Bureau of Prisons facility. Reyes opposed commitment and, for that reason, attempted to secure the necessary funds through private insurance and the Application for CJA funds.

The court is not aware of any authority that requires the court to place a person in custody for the mere purpose of a competency evaluation. On the contrary, the statute's use of the permissive word "may" indicates that the examinations can take place on an outpatient basis. *In re Newchurch*, 807 F.2d 404, 410, n.22 (5th Cir. 1986) (interpreting § 4247(b) for purposes of insanity examination) (citing *Marcey v. Harris*, 400 F.2d 772, 774 (D.C. Cir. 1968) (per curiam) (holding under prior statute that if defendant requests pretrial mental examination, it shall be on

an outpatient basis unless inpatient commitment is necessary to assure an effective examination)). Furthermore, persons accused of a crime and awaiting trial are protected by Due Process limits on the deprivation of their personal liberty. *See United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012). As such, incarceration for a mental health examination should not be imposed unless it is demonstrably necessary. *See id.* at 741; *Newchurch*, 807 F.2d at 411. In *Newchurch*, the Court of Appeals vacated a commitment order under § 4247(b) where the Government offered no evidence (1) that the commitment was necessary, or (2) that an adequate examination could not be conducted on an outpatient basis or by a short confinement in a hospital near the place of trial. *Newchurch*, 807 F.2d at 410.

Similarly, the Government here has offered no reason to commit Reyes for a competency examination or any evidence that an outpatient evaluation would prejudice the Government in some way. The magistrate judge implicitly determined that Reyes is not a flight risk by denying the motion to revoke; the government has filed no objections to that ruling. Placing Reyes in custody could impede his ability to comply with certain conditions of his release, such as maintaining employment and mental health treatment. Placing Reyes in custody would be nonsensical because the magistrate judge ordered Reyes to undergo the examination *as a condition of his pretrial release.* Pretrial release has no meaning if Reyes must be placed in custody to keep it.

## III.  Application for CJA Funds

As noted above, Reyes has also filed an Application for CJA funds to obtain a competency evaluation, among other things. CJA funds, however, may not be used to pay for competency evaluations. Such experts are expected to be neutral and detached and report their findings to the court. *See United States v. Williams*, 998 F.2d 258, 263 (5th Cir. 1993); *United States v. Theriault*,

440 F.2d 713, 715 (5th Cir. 1971) (addressing competency evaluation under prior statute). Competency exams are considered "non-defense" services and are paid for by the Department of Justice. *See* Admin. Office of the U.S. Courts, *Guide to Judiciary Policy*, Vol. 7, Pt. A, § 320.20.60 ("Guide"). Reyes's application for CJA funds must be denied to the extent it seeks funds for a competency evaluation.

## IV.  Conclusion

The court **grants** Reyes's Motion (Doc. 32) for a mental health evaluation to determine his competency and **orders** Reyes to submit to a competency evaluation. The court appoints the parties' agreed expert, Dr. Emily Fallis of Balance Forensic Psychological Services, Inc., to conduct the competency evaluation and prepare a report that complies with the requirements in 18 U.S.C. § 4247(c). The report shall be filed with the court **under seal**, with copies provided to counsel for Reyes and counsel for the Government. *See* § 4247(c). The Department of Justice is responsible for paying Dr. Fallis's fees and expenses.

The court **denies with prejudice** the Application for CJA funds (Doc. 41) because CJA funds may not be used for competency evaluations. Counsel, however, may reapply for funds upon a showing that they are reasonably necessary for a "defense" purpose. *See Guide*, § 320.20.60.

**It is so ordered** this 17th day of April, 2019.

*[signature: Sam A. Lindsay]*<br>
Sam A. Lindsay<br>
United States District Judge